**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leroy Petersen, surviving parent of Linda Petersen,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>　　　　　Defendant. | No. CV 05-0032-PHX-JAT<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff Leroy Petersen's motion for relief (Doc. #23) from the Court's Order dismissing the case for lack of prosecution (Doc. #21). The Court now rules on the motion.

**I.　　PROCEDURAL BACKGROUND**

　　　　On January 5, 2005, Plaintiff Leroy Petersen filed a Federal Tort Claims Act ("FTCA") wrongful death action. The Court stayed the action on February 23, 2006, and ordered Mr. Petersen to submit his Federal Employee's Compensation Act ("FECA") claim to the United States Department of Labor (Doc. #18). The Court further ordered Mr. Petersen to file with the Court status reports regarding his FECA claim every 60 days and to file a copy of the Secretary of Labor's decision on his FECA claim within ten days of issuance of the decision. The Order stated that failure to file status reports or inform the Court of the Secretary's decision could result in dismissal of the case for failure to prosecute.

Plaintiff filed a status report on April 24, 2006.  Plaintiff failed to file the next two scheduled status reports.  The Court therefore dismissed the case on September 7, 2006 for failure to prosecute (Doc. #21).  Seventy-six days later, on November 22, 2006, Plaintiff filed the pending Rule 60(b)(1) motion for relief (Doc. #23).

## II. LEGAL STANDARD AND ANALYSIS

Rule 60(b)(1) allows a court to relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect.  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001).  The Court applies the "good cause" standard that governs vacating an entry of default under Rule 55(c) when ruling on a motion to vacate a default judgment under Rule 60(b).  *Id.* at 696.  Specifically, the Court examines whether: (1) the defaulting party acted with "excusable neglect";[1] (2) the plaintiff has a meritorious case;[2] and (3) reopening the default judgment would prejudice the non-defaulting party.  *See id.*

"Excusable neglect" covers negligence on the part of counsel.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993).  The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).  These factors are not exclusive, but "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect."  *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

---

[1] The *TCI* court held, "A showing of lack of culpability sufficient to meet the Rule 55(c) good cause standard is ordinarily sufficient to demonstrate as well the excusable neglect or mistake criteria under Rule 60(b)(1), and there is therefore no reason to require that those 60(b)(1) criteria be established separately."  244 F.3d at 698 (internal quotations omitted).

[2] In *TCI*, the circuit court entered default judgment against the defendant, so the Court examined whether the defendant had a meritorious defense.  244 F.3d at 700-01.

1  "To be prejudicial, the setting aside of a judgment must result in greater harm than
2  simply delaying resolution of the case." *TCI*, 244 F.3d at 701.  Courts must determine
3  whether setting aside the default judgment would hinder the defendant's ability to pursue his
4  defense. *See id*.  As Mr. Petersen points out, this case was stayed in favor of the FECA claim
5  at the time he missed the filing deadlines.  The parties were in a waiting posture.
6  Consequently, other than forcing defendant to defend on the merits, setting aside the default
7  judgment here would not prejudice the defendant.  Additionally, although the length of delay
8  in filing the motion for relief is not insignificant, the delay did not impact the proceedings
9  because the proceedings were stayed.

10  The reason for the failure to file the status reports was carelessness. Plaintiff's counsel
11  offers a few reasons why it missed the filing deadlines, but none of the reasons is very
12  compelling.  Plaintiff's counsel had an associate take an extended vacation then leave the
13  office.  Plaintiff's counsel also had a very busy appellate workload.  Although Plaintiff's
14  counsel had no compelling reason for failing to file, it does not appear that counsel acted in
15  bad faith.

16  The Court takes its deadlines very seriously; and parties should strictly comply with
17  Court orders.  Plaintiff has not offered a legitimate reason for missing the status report
18  deadlines. But, because the prejudice factor weights heavily in favor of Plaintiff, on balance,
19  the Court finds Plaintiff's neglect excusable.

20  The Court has little basis for determining the second factor -whether Plaintiff has a
21  meritorious case.  Because neither side presented arguments on this issue, the Court will
22  assume that factor is not pertinent.  As to the third factor, the Court already has held that
23  reinstatement of the case would not cause prejudice to defendant.  The case had stalled
24  awaiting the ruling of the Secretary of Labor.  As of the time Plaintiff filed the pending
25  motion for relief, the Secretary had not issued a decision.  Under these circumstances,
26  Plaintiff's failure to file status reports had little effect on Defendant.  Because the Court has
27  found Plaintiff acted with excusable neglect and that reinstatement will not prejudice
28  Defendant, the Court will grant Plaintiff's motion for relief.  But the Court strongly cautions

- 3 -

1  Plaintiff to comply with all future Court orders and deadlines in the future. Plaintiff's failure
2  to file another required status report will demonstrate to this Court that there is an intent not
3  to seriously prosecute this case.
4      Accordingly,
5      IT IS ORDERED GRANTING Plaintiff's Rule 60(b)(1) motion (Doc. #23).
6      IT IS FURTHER ORDERED that the Clerk of the Court shall vacate the Judgement
7  of Dismissal (Doc. #22) and reinstate the case.
8      IT IS FURTHER ORDERED that Plaintiff shall file status reports every 60 days
9  pursuant to the Court's Order at Document #18, with the first status report due on June 11,
10 2007.
11     IT IS FURTHER ORDERED that Plaintiff's counsel will provide a copy of her motion
12 for relief (Doc. #23) and this Order to Plaintiff.
13     DATED this 1st day of June, 2007.

*[signature]*
James A. Teilborg
United States District Judge